IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KERRY L. SLOAN,<br>　BOP #15599-062,<br>　　　PLAINTIFF,<br><br>v.<br><br>K. ZOOK, WARDEN,<br>　　　DEFENDANT. | §<br>§<br>§<br>§<br>§ CIVIL CASE NO. 3:21-CV-851-E-BK<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Kerry Sloan, a federal prisoner at the FCI in Seagoville, Texas, pled guilty in the United States District Court for the Northern District of Oklahoma to transportation with intent to engage in criminal sexual activity and was sentenced to 180 months' imprisonment. *United States v. Sloan*, No. 4:18-CR-205-1 (N.D. Okla. July 2, 2019). He later filed a *pro se* direct appeal, which was dismissed as untimely. *United States v. Sloan*, No. 19-5095 (10th Cir. Dec. 12, 2019). Sloan then filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which the sentencing court recently denied. *United States v. Sloan*, 4:18-CR-205-1, 4:19-CV-0716 (N.D. Okla. Feb. 22, 2021), *appeal docketed*, No. 21-5033 (10th Cir. Apr. 13, 2021).

On April 6, 2021, Sloan filed the instant civil action, challenging anew his federal conviction and sentence. Doc. 4 at 1-2. His pleading is styled as a *Motion to Expedite Civil Claim/BP 11 Pursuant to* 18 U.S.C. § 3742(a)(1) & (4) against K. Zook, the Warden of FCI Seagoville, where he is presently confined. Doc. 4 at 1. Sloan asserts that his confinement is "illegal and unconstitutional" and the judgment is "null and void." Doc. 4 at 2. He avers that the sentencing judge is under investigation "for treason" and that the judge did not fully address and resolve his prior petition for writ of mandamus and § 2255 motion. Doc. 4 at 1-2. Sloan also contends that Zook "is assisting in his unconstitutional incarceration" by "engaging in fraud." Doc. 4 at 2-3. Sloan thus requests this Court to allow him "to prosecute this matter" in the Northern District of Texas.

The Court declines Sloan's invitation to exercise jurisdiction over this matter. After evaluating the substance of Sloan's claims, the Court concludes they are not cognizable in the Northern District of Texas. Thus, Sloan's motion and this case should be dismissed.

"Section 2255 provides the primary means of 'collaterally attacking a federal sentence,' and is the appropriate remedy for 'errors that occurred at or prior to the sentencing.'" *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (citations omitted). Such a collateral attack must be brought in the court that imposed the sentence. *See* 28 U.S.C. § 2255 (providing that prisoner "may move the *court which imposed the sentence* to vacate, set aside or correct the sentence" (emphasis added)); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 n.2 (5th Cir. 1990) ("[A] collateral attack of any alleged error that may be remedied under section 2255 must be brought before the sentencing court.").

By his pleading, Sloan clearly questions the legality of his Oklahoma federal conviction. As such, his request is cognizable only in the United States District Court for the Northern

District of Oklahoma where he was sentenced. And as previously noted, Sloan's appeal from the denial of his § 2255 motion is pending before the Tenth Circuit Court of Appeals. Thus, Sloan's *Motion to Expedite Civil Claim/BP 11 Pursuant to 18 U.S.C. § 3742(a)(1) & (4)* should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* 28 U.S.C. § 2255(a); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SO RECOMMENDED** on April 20, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).